IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRAHAM, | CASE NO. 1:25-CV-01063-PAB |
| Petitioner, | JUDGE PAMELA A. BARKER |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| DEAN JENKINS, *et al.*, | **ORDER ON RESPONDENT'S MOTION TO DISMISS** |
| Respondents. | |

On May 29, 2025, Respondent Ohio Attorney General moved to be dismissed as a respondent in this proceeding, arguing it is not a proper respondent because Mr. Graham is in the custody of the Cleveland Municipal Court Probation Department. (ECF #4). Mr. Graham has not responded to this Motion. For the following reasons, I **ORDER** Mr. Graham to respond to the Motion to Dismiss as directed below.

PROCEDURAL HISTORY

In his Petition, Mr. Graham attacks his conviction for misdemeanor assault. On September 12, 2017, Mr. Graham, then a Cleveland police officer, "was dispatched to the scene of a fight with a report of a firearm at a gas station." *Cleveland v. Graham*, 235 N.E.3d 487, 488 (Ohio Ct. App. Feb. 1, 2024), *appeal not allowed*, 234 N.E.3d 518 (Ohio 2024). Angela Martinez and two other people were arrested that evening. *Id.* On October 5, 2017, Mr. Graham was charged with assault and unlawful restraint during his arrest of Angela Martinez. *Id.* On March 23, 2022, a jury acquitted Mr. Graham of unlawful restraint but did not reach a verdict on the assault charge. *Id.* In the retrial on the assault charge, a jury found Mr. Graham guilty. *Id.* On October 20, 2022, he was sentenced to seven days in jail and three years of community control. *Id.* His conviction was affirmed on appeal and the Supreme Court of Ohio declined to hear his case. (ECF #1 at PageID 3).

1

Through counsel, Mr. Graham filed his petition on May 23, 2025, alleging the second trial violated his Fifth Amendment protection against Double Jeopardy and his constitutional rights to due process and a fair trial. (ECF #1 at PageID 6). He also contends the government did not produce sufficient evidence to prove each element of the offense and that he was entitled to qualified immunity. (*Id.* at PageID 8-9).

## ANALYSIS

The Ohio Attorney General argues it should be dismissed as a Respondent because Mr. Graham is in the custody of the Cleveland Municipal Court Probation Department and Mr. Graham "concedes he is not currently subject to any future sentence upon completion of the sentence imposed" by the municipal court. (ECF #4 at PageID 178).

Rule 2(a) of the Rules Governing § 2254 Cases (Habeas Rules) requires a habeas petitioner in custody under a state-court judgment to name as respondent the state officer who has custody. Under Habeas Rule 2(b), "[i]f the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."

It is unclear whether Mr. Graham is subject to future custody. The court suspended 173 of 180 days of Mr. Graham's jail sentence and then stayed execution of jail time until November 30, 2022:

> Comment: Soe: 7 days Sentence Stayed Until: 11/30/2022 Serving of Jail time (TBD) on 11/2/2022 at 9am.

*See* Case No. 2017-CRB-021726, *Cleveland Municipal Court Odyssey Portal*, https://clevelandmunicipalcourt.org/public-access (last accessed June 26, 2025).[1] The case was set for review on November 2, 2022, where the court granted a defense motion (the nature of which is not available on the docket) and on November 3, Mr. Graham appealed his convictions. *Id.* It is unclear from the docket whether the stay was lifted or whether Mr. Graham began his jail term on November 30. Mr. Graham remains under probationary supervision until October 20, 2025. *Id.*

---

[1] This court may take judicial notice of public online court records. *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (citation omitted).

Because the jail term was stayed and the docket does not say whether that stay was lifted, I cannot determine whether Mr. Graham is subject to a future custody under the seven-day jail term. If he is subject to future custody, then naming the Attorney General as a respondent is proper under Habeas Rule 2(b). But if Mr. Graham has served his jail term, the supervising probation officer is the proper respondent, not the Attorney General. *See* Advisory Committee Notes to Habeas Rule 2(b) (stating that when a petitioner attacks the conviction for which he is on probation or parole, the "named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency").

Without this information, I cannot decide the Attorney General's Motion to Dismiss. Therefore, I **ORDER** Mr. Graham to respond to the Attorney General's motion to clarify whether he has served the jail-term portion of his sentence.

## Conclusion

For these reasons, I **ORDER** Mr. Graham to respond to the Attorney General's Motion to Dismiss (ECF #4) by July 7, 2025.

**IT IS SO ORDERED.**

Dated: June 26, 2025

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE